Mr. Justice Morris
delivered the opinion of the Court:
Two questions arise and have been discussed in this case : (1) Whether the parties to a'suit for divorce are competent to testify as witnesses on their own behalf; and (2) whether, with or without his own deposition, the appellant has supported the allegations of his petition by proof sufficient to entitle himself to the divorce which he seeks.
1. With reference to the first of these questions, it is conceded that it was long since decided adversely to the contention, maintained before us by counsel on both sides, by the general term of the Supreme Court of the District of *385 Columbia in the case of Burdette v. Burdette, 2 Mackey, 469, in which that court, in an opinion written by Mr. Justice James, fully and ably reviewed the legislation on the subject and the public policy which underlay that legislation. It seems that even before that decision, which was rendered in 1883, the rule of that court had been uniformly to the same effect; and since that time its practice has been equally uniform. We are entirely satisfied with that decision. We think that it is based upon sound reason and a proper construction of the statutes bearing upon the subject, and that its doctrine should be reaffirmed in this case.
But it is argued that the case of Burdette v. Burdette has been overruled by the decision of this court in the case of Lusby v. Capital Traction Company, 12 App. D. C. 295. We do not so understand it. In this latter case it was held that in an action by husband and wife to recover damages for injuries to the wife caused by the alleged negligence of the defendant, the wife was a competent witness. But that was not a case of divorce; and divorce, as shown in the case of Burdette v. Burdette, is a matter sui generis, standing apart and alone, not affected and not intended to be affected by general statutes applicable to ordinary cases. In the case of Lusby v. Capital Traction Company this court said, that “ we are clearly of opinion that the general enabling provision (of sections 876 and 877 of the Revised Statutes of the United States for the District of Columbia) applies to and operates in actions by or against husband and wife as it does in actions by or against other parties, and that husbands and wives are competent to testify for and against each other, subject to the exceptions provided in the statute.” But a proceeding for divorce is not an action by or against a husband and wife; it is a special statutory action by one against the other; and our decision in the case of Lusby v. Capital Traction Company is neither by its letter or by its spirit applicable to it.
*386 We are of opinion, therefore, that the court below was entirely right in its ruling to suppress the depositions both of the appellant and of the appellee.
2. Excluding these two depositions from consideration, we find no sufficient testimony on which a divorce could properly be allowed to the appellant. As we have remarked, the testimony of the witnesses other than the parties themselves is vague and inconclusive. It was so regarded by the court below; and that such is its character seems to be virtually conceded by counsel in argument. After a careful perusal of it, we certainly are of that opinion ourselves. The only evidence that seems to be regarded as at all substantial is that of a letter already referred to, written from Richmond by the appellee to the appellant, then at Annapolis, under date of March 11, 1879. The proof of this letter by testimony other than that of the parties themselves may perhaps be deemed sufficient, although that point need not be determined. But assuming the letter to have been fully and fairly proved, we can not consider its evidence as sufficient, especially after the lapse of twenty years during which no action was taken on it by the appellant, to warrant a decree of divorce in his favor.
The letter is badly written, quite incoherent, and perhaps it might be characterized as hysterical. The writer seems to have been pregnant at the time with her second child, and some allowance should be made for her physical condition. She was moreover in straitened financial circumstances, without employment, dependent upon her parents for support, and without any support whatever from her husband — conditions which fully appear from the record. In this letter there is an expression of purpose on the part of the writer never to leave Richmond in order to follow her husband; and this expression it is which is relied on as constituting evidence of desertion. We can not so regard it. There might be various satisfactory explanations of it; and if we were at liberty to look into the suppressed depositions, *387 we would find ample explanation in the wayward habits of the appellant as understood by the appellee, and in his failure to provide her with the necessary means wherewith to make the change of domicil. The letter taken as a whole is evidently not an expression of absolute and final determination on the part of the writer to desert. It is at most only the indignant protest of a wife who regarded herself as having been injured by the conduct or misconduct of her husband; and it certainly did not cut off the opportunity for explanation and further negotiation. It is very evident that the appellant himself did not regard it as a finality; for he took no action on it for twenty years, although he allowed matters to drift for all that time without much concern for his wife and children. The interviews and the communications, direct or indirect, which he had with his wife in more recent years, are inconsistent with the theory of a desertion complete and final in 1879. We think that it would be greatly to be regretted if the law were such that the most solemn relation of human life could be disrupted upon testimony so slight and so unsatisfactory as that afforded by this letter.
3. In the third place, even if the court below were to be regarded as in error in its ruling to exclude the depositions of the parties, and those depositions were before us for consideration, we would be of opinion that the preponderance of testimony is against the appellant, and that he has not shown himself to be entitled to a decree of divorce. But it is unnecessary to consider the case in this aspect of it.
In conclusion, it is our opinion that there was no error in the decree of dismissal of the appellant’s petition rendered by the Supreme Court of the District of Columbia in this case, and that the decree should be affirmed, with costs. And it is so ordered.